Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 00 C 3248 | DATE | 11/20/2000 |
| CASE TITLE | USA vs. Michael Black | | |

MOTION: [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

DOCKET ENTRY:

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due _____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
     ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. In summary, Black is not entitled to a certificate of appealability as he has requested. This Court therefore denies that request on jurisdictional grounds.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | NOV 22 2000 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | 10 |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | docketing deputy initials | |
| SN | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA, )
)
        Plaintiff, )
)
v. )  No. 98 CR 434
)     (00 C 3248)
MICHAEL BLACK, )
)
        Defendant. )

## MEMORANDUM OPINION AND ORDER

This Court's July 6, 2000 memorandum order ("Order") denied the self-prepared 28 U.S.C. §2255 ("Section 2255") motion that Michael Black ("Black") had filed to challenge his conviction and sentence on four specified grounds. As the Order stated at the outset, before this Court ruled it had "issued a May 31, 2000 memorandum order that directed the United States Attorney to file an answer or other responsive pleading in accordance with Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts ('Section 2255 Rules')." Although the Order said that directive had been issued "out of an abundance of caution," this Court's subsequent analysis of Black's contentions in light of the response, the record and this Court's clear recollection of the proceedings in the case had confirmed that no evidentiary proceeding was required and that the motion should be denied outright (see Section 2255 Rule 8(a)).

Now the Clerk's Office has delivered to this Court's chambers another filing by Black (received in the Clerk's Office



on November 7), which Black has captioned "Appellant's Request for the Issuance of a Certificate of Appealability" and which he has accompanied by affidavits signed by Black himself and by fellow prisoner Craig Smith (someone who from his affidavit may fairly be characterized as what is sometimes described as a "jailhouse lawyer").[1] But that request misperceives the relationship between the appeal that Black has taken from the Order and what he now seeks to advance.

Even apart from any possible question of untimeliness of Black's appeal (see n.1), this Court finds that no certificate of appealability should issue under the provisions of Rule 22(b)(1) and 28 U.S.C. §2253(c)(2). As the Order reflects, it dealt in detail with each of the four grounds that Black had asserted in his Section 2255 motion, all of which attacked the adequacy of

---

[1] Something very puzzling about Black's current filing is that it is dated September 5, 2000 and that it bears a certificate of service signed by Black stating that on the same September 5 date he deposited the document in the institutional mail at FMC Rochester, Minnesota (where he is in custody). Yet Smith's affidavit is notarized to reflect his execution of that document three days later, on September 8. So it is clear that Black's certificate of service must be wrong, and this Court has no reliable information as to when he became entitled to invoke the "mailbox rule" (Houston v. Lack, 487 U.S. 266 (1988) and Fed. R. App. P. 4(c)(1) and 25(a)(2)(C)). Matters are further complicated in that respect by the unexplained (and troubling) two-month gap between those September dates (even apart from the obvious misstatement in Black's certificate of mailing) and the November date when the document arrived in the Clerk's Office. In all events, even if Black were to be given the maximum potential benefit of the "mailbox rule," a question still exists as to the timeliness of Black's attempted appeal.

2

representation by his trial counsel. Now Black seeks to raise an entirely new issue: whether the several medications that he was and is taking (as this Court was aware from Black's trial, he is wheelchair-bound, apparently as the result of gunshot wounds that had apparently injured his spine so as to leave his legs paralyzed) gave rise to a different violation of his constitutional rights.

That being the case, what Black's current filing amounts to is really not a direct appeal from the Order, but is rather a "second or successive motion" under Section 2255, a filing that is therefore subject to the certification requirement of 28 U.S.C. §2244 ("Section 2244"). And that being the case, this Court has no jurisdiction to entertain such a "second or successive motion." Instead the provisions of Section 2244(3) (incorporated by reference into Section 2255) require Black to move for authorization in our Court of Appeals.

In summary, Black is not entitled to a certificate of appealability as he has requested. This Court therefore denies that request on jurisdictional grounds. In light of its lack of jurisdiction, this Court of course expresses no substantive opinion as to the viability of Black's new contention if he were to be granted leave by our Court of Appeals to proceed with a

3

second or successive motion under Section 2255.

_____
Milton I. Shadur
Senior United States District Judge

Date: November 20, 2000